## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KRISTEN SHEA, INDIVIDUALLY, and** | : | **CIVIL ACTION NO.** |
| **TYLER SHEA, PPA KRISTEN SHEA,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHATERAM SIEUNARINE and** | : | |
| **CHET TRANSPORT, LLC,** | : | |
| | : | |
| **Defendants.** | : | **MAY 14, 2021** |

### COMPLAINT

### FIRST COUNT

1.     This is an action brought by the plaintiffs, Kristen Shea and Tyler
Shea (ppa Kristen Shea), against defendants Chateram Sieunarine and Chet
Transport LLC ("Chet Transport"), for damages suffered by the plaintiffs as a
result of the defendants' negligence in connection with an accident that
occurred on May 30, 2019 at approximately 2:39 p.m. on I-95 southbound,
north of exit 27 in Bridgeport, Connecticut.  At that place and time, a
Freightliner commercial box truck owned by defendant Chet Transport and
driven by its agent and/or employee defendant Sieunarine, lost one of its rear
wheels, which was propelled off the axle, careened across three lanes of traffic
and crashed into the front of the vehicle being driven by Ms. Shea, and in
which her minor son Tyler was a passenger.  The wheel, rim and tire crushed
the front end of the plaintiffs' car, causing heavy damage and airbag
deployment, totaling the car and seriously injuring the plaintiffs.

2.      Plaintiff Kristen Shea was at all times relevant hereto a citizen of the State of Connecticut, residing at 1269 Naugatuck Avenue, Milford, CT 06461.

3.      Plaintiff Tyler Shea is a minor and brings this action by his mother, plaintiff Kristen Shea, his parent and next friend, with the same address as above.

4.      Defendant Chateram Sieunarine, upon information and belief, was at all times relevant hereto a resident of the State of New York, residing at 12015 North Conduit Avenue, South Ozone Park, Queens, NY 11420.

5.      Defendant Chet Transport, LLC, was at all relevant times a New Jersey limited liability company with its principal place of business located at 130 Morris Avenue, Englewood, NJ 07631.

6.      Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and the amount in controversy is greater than $75,000, exclusive of interest and costs.

7.      On Thursday, May 30, 2019, at approximately 2:39 p.m., the plaintiffs, Kristen Shea and her minor son Tyler, were the driver and passenger, respectively, in a 2014 Nissan Pathfinder, bearing Connecticut license plate number AG66959, owned and operated by Ms. Shea, traveling southbound on I-95, north of exit 27 in Bridgeport, Connecticut.

8.      On that date and at that time, defendant Chateram Sieunarine was operating a 1997 Freightliner FL 106 tractor trailer (hereafter "commercial box truck"), bearing New Jersey license plate number AN109S, owned by defendant

2

Chet Transport, traveling southbound on I-95, north of exit 27 in Bridgeport, Connecticut.

9.  At said time and place, defendant Chet Transport was the owner of the commercial box truck operated by defendant Sieunarine, who was in the employ of and operating the truck with the permission of defendant Chet Transport.

10.  Defendant Chet Transport is in the business of freight shipping, hauling and trucking. At all times relevant to this complaint defendant Chet Transport was a motor carrier as defined under 49 U.S.C. §§ 31136 *et seq.* and 49 C.F.R. § 390.5.

11.  In or about May 30, 2019, the defendants operated commercial motor vehicles as defined in 49 C.F.R. § 390.5. Defendant Chet Transport and its drivers like defendant Sieunarine were therefore subject to the requirements of the Motor Carrier Safety Act, 49 U.S.C. §§ 31136 et seq., Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390.1-396.25 (the "Federal Motor Carrier Safety Regulations"), Section 14-163(c) of the Connecticut General Statutes, and Regs. Conn. State Agencies §§ 14-163c-1 and 163c-2, incorporating the Federal Motor Carrier Safety Regulations (the "Connecticut Safety Regulations"). These statutes and regulations are intended to protect the safety of the public.

12.  Defendant Sieunarine was an employee and/or agent of defendant Chet Transport on May 30, 2019, operating the defendants' commercial box truck with permission and within the scope of his employment, and his duties

3

at that time included driving commercial motor vehicles in both interstate and intrastate commerce, and he was therefore subject to the Federal Motor Carrier Safety Regulations and the Connecticut Safety Regulations.

13.   I-95 is a public highway that runs in a northerly-southerly direction, located in Bridgeport, Connecticut.  North of exit 27, there are four lanes of highway.

14.   At that time and place, the plaintiffs' vehicle was traveling in the far left lane, and the defendants' commercial box truck was traveling in the farthest right lane and slightly in front of the plaintiffs' vehicle.

15.   At said time and place, a rear wheel, rim and tire detached from the defendants' commercial box truck, propelled off the axle and careened across the right and left center lanes of I-95, where it struck the front end of the plaintiffs' vehicle with great force, crushing it, causing the airbags to deploy, and causing the injuries and damages described below.

16.   The crash and ensuing injuries and damages incurred and suffered by the plaintiffs were caused by the negligence of defendants Sieunarine and Chet Transport including, but not limited to, one or more of the following ways:

a.   defendant Sieunarine operated the defendants' commercial box truck with wheels, rims and/or tires that were not in a safe operating condition, in violation of C.G.S. § 14-98a;

b.   defendant Sieunarine failed to operate the defendants' commercial box truck in a reasonable manner, including operating it

4

when they knew or should have known of the existence of defective mechanisms and/or equipment in violation of C.G.S. § 14-222;

      c.    the defendants failed to exercise due care to inspect the wheels, rims and tires of their commercial box truck to prevent them from detaching and colliding with plaintiffs' vehicle;

      d.    defendant Sieunarine was inattentive, failed to keep a reasonable lookout and failed to make reasonable use of his senses and faculties;

      e.    defendant Sieunarine operated his vehicle at an unreasonable rate of speed, in violation of C.G.S. § 14-218a;

      f.    defendant Sieunarine failed to sound his horn in time to reasonably apprise plaintiffs of the detached wheel, rim and tire that was careening towards them;

      g.    defendant Sieunarine failed to keep all parts of the defendants' commercial box truck under proper and reasonable control;

      h.    defendant Sieunarine failed to operate the defendants' commercial box truck with reasonable care under the circumstances then and there existing;

      i.    defendant Sieunarine moved the defendants' commercial box truck without reasonable safety and interfered with traffic in violation of C.G.S. § 14-243(a);

      j.    defendant Sieunarine operated the defendants' commercial box truck with equipment, including wheels, rims, brakes and/or tires,

that was not in a safe operating condition, in violation of Federal Motor Carrier Regulations 49 C.F.R. § 393 *et seq.* and Connecticut Safety Regulations, Regs. Conn. State Agencies §§ 14-163c-1 and 14-163c-2.

      k.     defendant Sieunarine operated the defendants' commercial box truck when he was not satisfied that its equipment, including the wheels, rims and tires, were in good working order, in violation of the Federal Motor Carrier Regulations 49 C.F.R. 392.7 and Connecticut Safety Regulations, Regs. Conn. State Agencies §§ 14-163c-1 and 14-163c-2; and

      l.     the defendants had not inspected and/or maintained the defendants' commercial box truck in a safe operating condition, in violation of the Federal Motor Carrier Regulations 49 C.F.R. § 396.3(a)(1) and Connecticut Safety Regulations, Regs. Conn. State Agencies §§ 14-163c-1 and 14-163c-2.

17.    As a result of said collision and said negligence of the defendants, plaintiff Kristen Shea suffered serious and painful injuries and/or exacerbations, some or all of which are or may be permanent in nature, including the following:

      a.     Cervical sprain/strain;

      b.     Thoracic sprain/strain;

      c.     Lumbar sprain/strain;

      d.     Right wrist sprain/strain;

      e.     Back muscle spasms;

     f.     Left shoulder impingement syndrome;

     g.    Partial tear of left rotator cuff;

     h.    Dermatological burns;

     i.     Whiplash;

     j.     Herniated cervical discs;

     k.    Protruding lumbar discs;

     l.     Lower back strain;

     m.   Strained fascia and tendons at shoulder, upper arm and neck level;

     n.    Strained left arm;

     o.    Right lumbago with sciatica; and

     p.    Cervicobrachial syndrome.

18.   As a further result of said collision and said negligence of the defendants, plaintiff Kristen Shea suffered a severe shock to her nervous system and has experienced severe pain and suffering, mental anxiety and mental distress.

19.   As a further result of said collision and said negligence of the defendants, plaintiff Kristen Shea has been forced to spend large sums of money for medical care, prescriptions and treatment, and will be required to pay further sums in the future.

20.   As a further result of said collision and said negligence of the defendants, plaintiff Kristen Shea suffered lost earnings and/or lost earning

7

capacity in the form of lost sick days that she was forced to use and which she would have otherwise accrued.

21.   As a further result of said collision and said negligence of the defendants, plaintiff Kristen Shea has permanent partial impairments of her left shoulder, cervical spine and lumbar spine.

22.   As a further result of said collision and said negligence of the defendants, plaintiff Kristen Shea was and continues to be unable to enjoy fully and participate in daily activities, including social, recreational and family activities.  In addition, plaintiff Kristen Shea will have to limit her lifestyle and activities in the future as a result of said injuries.

**SECOND COUNT**

1-16. Paragraphs one through 16 of the First Count are incorporated by reference as paragraphs one through 16 of the Second Count, the same as if fully pleaded herein.

17.   As a result of said collision and said negligence of the defendants, plaintiff Tyler Shea suffered serious and painful injuries and/or exacerbations, some or all of which are or may be permanent in nature, including the following:

      a.     cervical sprain/strain;

      b.     thoracic sprain/strain; and

      c.     lumbar sprain/strain.

18.   As a further result of said collision and said negligence of the defendants, plaintiff Tyler Shea suffered a severe shock to his nervous system,

8

and has experienced severe pain and suffering, mental anxiety and mental distress.

19.   As a further result of said collision and said negligence of the defendants, the plaintiffs have been forced to spend large sums of money for medical care, prescriptions and treatment for plaintiff Tyler Shea, and will be required to pay further sums in the future.

20.   As a further result of said collision and said negligence of the defendants, plaintiff Tyler Shea was and continues to be unable to fully enjoy and participate in daily activities, including social, recreational and family activities.  In addition, plaintiff Tyler Shea will have to limit his lifestyle and activities in the future as a result of said injuries.

**THIRD COUNT**

1-22. Paragraphs one through 22 of the First Count are incorporated by reference as paragraphs one through 22 of the Third Count, the same as if fully pleaded herein.

23.   Defendant Chet Transport was the owner of the vehicle driven by defendant Sieunarine and is liable for all of plaintiff Kristen Shea's injuries and damages caused by defendant Sieunarine's operation of the vehicle pursuant to C.G.S. § 52-183.

**FOURTH COUNT**

1-20. Paragraphs one through 20 of the Second Count are incorporated by reference as paragraphs one through 20 of the Fourth Count, the same as if fully pleaded herein.

9

21.   Defendant Chet Transport was the owner of the vehicle driven by defendant Sieunarine and is liable for all of plaintiff Tyler Shea's injuries and damages caused by defendant Sieunarine's operation of the vehicle pursuant to C.G.S. § 52-183.

**FIFTH COUNT**

1-16. Paragraphs one through 16 of the First Count are incorporated by reference as paragraphs one through 16 of the Fifth Count, the same as if fully pleaded herein.

17.   Defendant Sieunarine deliberately or with reckless disregard operated said motor vehicle as set forth above and/or in violation of Sections 14-218a and 14-222 of the Connecticut General Statutes, and defendant Chet Transport permitted him to do so when it knew or should have known of the deficiencies in its commercial box truck.  Specifically, but without limitation to the foregoing violation, defendant Sieunarine deliberately or consciously disregarded the safety of others by operating his vehicle in an unreasonable manner and/or at an unreasonable rate of speed and in causing the conditions that allowed the wheel, rim and tire from the defendants' commercial box truck to detach and collide suddenly and without warning into plaintiffs' vehicle. Said violations of Sections 14-218a and 14-222 of the Connecticut General Statutes were a substantial factor in causing plaintiff Kristen Shea's injuries. Plaintiff Kristen Shea is therefore entitled to double or treble damages under Connecticut law and/or pursuant to Section 14-295 of the Connecticut General Statutes.

18.   As a result of defendant Sieunarine's operation of his motor vehicle deliberately or with reckless disregard, and defendant Chet Transport's allowing him to do so when it knew or should have known of the deficiencies in its commercial box truck, plaintiff Kristen Shea was caused to sustain injuries and losses described in Paragraphs 17, 18, 19, 20, 21 and 22 of the First Count.

## SIXTH COUNT

1-16. Paragraphs one through 16 of the Second Count are incorporated by reference as paragraphs one through 16 of the Sixth Count, the same as if fully pleaded herein.

17.   Defendant Sieunarine deliberately or with reckless disregard operated said motor vehicle as set forth above and/or in violation of Sections 14-218a and 14-222 of the Connecticut General Statutes, and defendant Chet Transport permitted him to do so when it knew or should have known of the deficiencies in its commercial box truck.  Specifically, but without limitation to the foregoing violation, defendant Sieunarine deliberately or consciously disregarded the safety of others by operating his vehicle in an unreasonable manner and/or at an unreasonable rate of speed and in causing the conditions that allowed the wheel, rim and tire from the defendants' commercial box truck to detach and collide suddenly and without warning into plaintiffs' vehicle. Said violations of Sections 14-218a and 14-222 of the Connecticut General Statutes were a substantial factor in causing plaintiff Tyler Shea's injuries. Plaintiff Tyler Shea is therefore entitled to double or treble damages under

11

Connecticut law and/or pursuant to Section 14-295 of the Connecticut General Statutes.

18.    As a result of defendant Sieunarine's operation of his motor vehicle deliberately or with reckless disregard, and defendant Chet Transport's allowing him to do so when it knew or should have known of the deficiencies in its commercial box truck, plaintiff Tyler Shea was caused to sustain injuries and losses described in Paragraphs 17, 18, 19 and 20 of the Second Count.

**SEVENTH COUNT**

1-18. Paragraphs one through 18 of the Fifth Count are hereby incorporated and made paragraphs one through 18 of the Seventh Count, the same as if fully pleaded herein.

19.    Defendant Chet Transport was the owner of the vehicle driven in a negligent and/or reckless manner, and is liable for all of plaintiff Kristen Shea's damages, including the injuries and losses described in Paragraphs 17, 18, 19, 20, 21 and 22 of the First Count.

**EIGHTH COUNT**

1-18. Paragraphs one through 18 of the Sixth Count are hereby incorporated and made paragraphs one through 18 of the Eighth Count, the same as if fully pleaded herein.

19.    Defendant Chet Transport was the owner of the vehicle driven in a negligent and/or reckless manner, and is liable for all of plaintiff Tyler Shea's damages, including the injuries and losses described in Paragraphs 17, 18, 19 and 20 of the Second Count.

**NINTH COUNT**

1-15. Paragraphs one through 15 of the First Count are incorporated by reference as paragraphs one through 15 of the Ninth Count, the same as if fully pleaded herein.

16.   At all times relevant herein, the defendants were in control of the inspection, maintenance and operation of the defendants' commercial box truck.

17.   At all times relevant herein, defendants were responsible and obligated to inspect, maintain and operate properly the defendants' commercial box truck and to keep it in a safe condition for travel upon the public roadways in a manner that did not endanger others upon the roadway, including the plaintiffs.

18.   In the ordinary course of events, the plaintiffs would not have been injured as set forth herein unless someone had been negligent.

19.   At the time that Ms. Shea was injured, the inspection, maintenance and operation of the defendants' commercial box truck were in the defendants' control.

20.   As a result of the negligence of the defendants, Ms. Shea has suffered damages, including the injuries and losses described in Paragraphs 17, 18, 19, 20, 21 and 22 of the First Count.

13

**TENTH COUNT**

1-15. Paragraphs one through 15 of the Second Count are incorporated by reference as paragraphs one through 15 of the Tenth Count, the same as if fully pleaded herein.

16.    At all times relevant herein, the defendants were in control of the inspection, maintenance and operation of the defendants' commercial box truck.

17.    At all times relevant herein, defendants were responsible and obligated to inspect, maintain and operate properly the defendants' commercial box truck and to keep it in a safe condition for travel upon the public roadways in a manner that did not endanger others upon the roadway, including the plaintiffs.

18.    In the ordinary course of events, the plaintiffs would not have been injured as set forth herein unless someone had been negligent.

19.    At the time that Tyler Shea was injured, the inspection, maintenance and operation of the defendants' commercial box truck were in the defendants' control.

20.    As a result of the negligence of the defendants, Tyler Shea has suffered damages, including the injuries and losses described in Paragraphs 17, 18, 19 and 20 of the Second Count.

## DEMAND FOR RELIEF

WHEREFORE, the plaintiffs claim judgment against the defendants and:

1. Money damages against the defendants; and

2. Double or treble damages against both defendants as provided in
   Section 14-295 of the General Statutes; and

3. Such other and further relief as may be just and proper.

## JURY DEMAND

The plaintiffs hereby claim a trial by jury.

THE PLAINTIFFS

BY _William H. Clendenen_

William H. Clendenen, Jr. (ct04261 )
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT 06511
203/787-1183

15