## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN SHEA,  INDIVIDUALLY, and TYLER SHEA, PPA KRISTEN SHEA, | : | CIVIL ACTION NO. 3:21-CV-00673-JCH |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CHATERAM SIEUNARINE and CHET TRANSPORT, LLC, | : | |
| | : | |
| Defendants. | : | MAY 13, 2022 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSION OF FACT AND DOCUMENT

The plaintiffs, Kristen and Tyler Shea, respectfully request, pursuant to Fed. R. Civ. P. 36(a)(6),  that the Court determine the sufficiency of the defendants' responses to several requests for admission of facts and their response to a request for admission of document.  Despite bona fide efforts on the part of counsel for the parties to resolve disagreements over the defendants' responses, counsel has been unable to arrive at an agreement.  The plaintiffs, therefore, ask that the Court determine the sufficiency of the Defendants' Responses to Plaintiffs' First Request for Admission of Fact dated May 6, 2022

(attached hereto as Exhibit A) Nos. 2, 3, 4, 5, 6, 7, 8, 10, and 12, and the

Defendants' Responses to Plaintiffs' First Request for Admission of Document

dated May 6, 2022 (attached hereto as Exhibit B) No. 1.

## I.    Background

On April 6, 2022, the plaintiffs served on the defendants twelve requests

for admission of fact and one request for admission of document.  *See*

Plaintiffs' First Request for Admission of Fact ("Request for Admission of Fact")

and Plaintiffs' First Request for Admission of Document ("Request for

Admission of Document"), attached hereto as Exhibit C and Exhibit D.  On May

6, 2022, the defendants responded to Plaintiffs' Requests.  *See* Defendants'

Responses to Plaintiffs' First Requests for Admission of Fact, attached hereto

as Exhibit A, and Defendants' Responses to Plaintiffs' First Request for

Admission of Document, attached hereto as Exhibit B.  On May 6, 2022,

counsel for the plaintiffs sent an email to defendants' counsel, asking the

defendants to reconsider their responses based on the requirements of Rule 36.

On May 9, 2022, defendants' counsel replied to plaintiffs' counsel's email.

Despite good-faith efforts by both parties to resolve the disagreements

regarding the defendants' responses, the parties were unable to arrive at an

agreement.  Thus, the plaintiffs are constrained to ask the Court to determine the sufficiency of defendants' responses.

## II.    Legal Standard

Pursuant to Fed. R. Civ. P. 36(a)(1), a party may serve on any other party a request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents."  Additionally, this Court has held that "Rule 36 permits requests for admission addressed to law, but only as they relate to the application of law to fact."  *Madej v. Yale Univ.*, No. 3:20-CV-133 (JCH), 2020 WL 6270273, at *5 (D. Conn. Oct. 26, 2020); *see also Apex Oil Co. v. Belcher Co. of New York,* 855 F.2d 1009, 1015 (2d Cir. 1988).

Pursuant to Fed. R. Civ. P. 36(a)(4), a party answering a request for admission may not "assert lack of knowledge or information as a reason for failing to admit or deny" unless such party states "that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Further, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  *Id.*

3

Regarding objections, Fed. R. Civ. P. 36(a)(4) provides that, "[t]he grounds for objecting to a request must be stated." In addition, the United States Court of Appeals for the Second Circuit, discussing the sufficiency of responses to requests for admission, has held that "Rule 26(g) imposes a more stringent certification requirement than Rule 11 by requiring that the signer certify that the ... objection is: (1) consistent with these rules ... and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation. *Apex Oil Co. v. Belcher Co.* of New York, 855 F.2d 1009, 1015 (2d Cir. 1988). If an objection is not justified, the Court must order that an answer be served. Fed. R. Civ. P. 36(a)(6).

Finally, the party who has requested an admission "may move to determine the sufficiency of the answer or objection." Fed. R. Civ. P. 36(a)(6).

III.    **Argument**

      a.  <u>This Court Should Compel The Defendants to Admit or Deny</u>
          <u>Request For Admission of Fact Nos. 2, 3, 4, 5, 6, 7, 8,  and 12</u>

First, the defendants should be compelled to admit or deny Request for Admission of Fact Nos. 2, 3, 4, 5, 6, 7, 8, and 12.  In response to each of the above requests, the defendants stated that they "object to this request to the extent that it improperly calls for a legal conclusion or determination rather than an admission of fact." Ex. A ¶¶ 2, 3, 4, 5, 6, 7, 8, and 12.  The defendants have supplied misplaced objections that do not comport with the requirements of Fed. R. Civ. P. 36(a)(4) or Fed. R. Civ. P. 26(g).

The Plaintiffs' Requests expressly call for the application of law to the relevant facts referenced within each of the plaintiffs' abovementioned requests. *See, e.g.,* Plaintiffs' Requests for Admission of Fact Nos. 7 and 12 (requesting defendants to admit, as of the date of the incident, whether they confirmed that their truck and certain component equipment were in good working order and safe operating condition as required under the referenced state and federal regulations and statutes); Plaintiffs' Requests for Admission of Fact Nos. 2-6, 8 (requesting defendants to admit whether they and their truck were subject to

certain state and federal statutes and regulations as of the date of the incident). These requests, unlike those at issue in *Disability Rts. Council v. Wash. Metro. Area*, 234 F.R.D. 1 (D.D.C. 2006) [1], squarely require the application of law to fact, or opinions about the same, as expressly authorized by Rule 36. The Plaintiffs' Requests do not require that the defendants supply or endorse a pure legal conclusion, nor do they seek to merely elicit the defendants' interpretation of any law; instead, they call for the defendants to apply the referenced statutes and regulations regarding registered motor carriers to specific, relevant facts. The defendants' objections are unreasonable and constitute yet another effort to burden the plaintiffs and increase the expense of litigation.[2]

In *United States ex rel. Bibby v. Mortg. Invs. Corp.*, 323 F.R.D. 424 (N.D. Ga. 2017), the Court stated: "the question of whether and how a particular statute applies to the given set of facts … is a quintessential application of law to fact." *Id.* at 428. The Court's analysis and distinction between permissible

---

[1]  *See Disability Rts. Council*, 234 F.R.D. at *2-3 (holding that the defendant's request for admission stating: "Admit that neither the ADA nor the Rehabilitation Act require that paratransit vehicles be equipped with adequate heat and air conditioning systems as referred to in paragraph 38(a) of the Complaint" sought a pure legal conclusion and was thus improper).

[2] *See, e.g.*, Dkt. Nos. 11, 12, 16, 17, 20, 27, 28, 29, 30, 31, 32, 33, 34, 37, 38, 40, and 41.

and impermissible requests for admission concerning legal issues is instructive; there, the district court noted that "[e]xamples of requests held to seek conclusions of pure law are: generally-worded legal conclusions, without tying those conclusions to any facts presented." (Internal quotations omitted; internal citation omitted.) *Id.* at 428; *see, e.g., Disability Rts. Council, supra,* 234 F.R.D. at 2 ("Admit that the FTA has not adopted any regulations nor published any guidance requiring drivers to compensate for traffic and accidents on their route" is an example of a request held to seek a conclusion of pure law). Further, the crucial distinction in determining the permissibility of a request relating to a legal question "is not whether it applies to statutory ... duties, but rather, [its] proximity and relevance to the discrete facts of the case." *United States ex rel. Bibby,* 323 F.R.D. at 428-29.

As but one example, the *Bibby* Court held that the plaintiffs' request for admission asking the defendant to admit that it is not a close corporation as defined in a referenced Ohio statute was permissible and instructed the defendant to respond. *Id.* at 429. This is exactly the type of admission that the plaintiffs seek in Request Nos. 2 through 6, and 8. There can be little question that Request Nos. 7 and 12 are also permissible, as they expressly seek

admissions that apply the referenced laws to the specific facts and circumstances regarding the condition of the defendants' truck and certain of its component equipment on the date of the incident.

It bears emphasis that the purpose of requests for admission is to "reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 44 (D. Conn. 2004) (*Fitzsimmons*, J.); *see also City of Hartford v. Monsanto Co.*, No. 3:15CV1544(RNC), 2017 WL 3085682, at \*2 (D. Conn. July 20, 2017) (*Martinez*, J.) ("The purpose of requests for admission is to narrow issues for trial."). Thus, this Court should compel the defendants to admit or deny Request Nos. 2, 3, 4, 5, 6, 7, 8, and 12.

     b. This Court Should Compel The Defendants to Revise Their Response to Request For Admission of Fact No. 10

This Court should also compel the defendants to revise their response to Request for Admission of Fact No. 10. Request No. 10 states:

> "Defendants admit that, except for the document attached hereto as Exhibit A, the defendants have no records of any maintenance

8

performed on the Freightliner commercial box truck that is the subject of this lawsuit for at least five years prior to May 30, 2019."

Ex. A, ¶ 10. This request simply intends to establish that the defendants do not have any additional records of vehicle maintenance for the subject box truck other than that referenced within the attached exhibit. The defendants' answer makes clear that they should be compelled to simply admit the request without qualification. Noticeably absent from the defendants' response is any assertion that the defendants made a reasonable inquiry about the truth of Request No. 10. According to Rule 36(a)(4), a party cannot "assert lack of knowledge or information as a reason for failing to admit or deny" unless such party states "that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

Thus, the plaintiffs are perplexed by the defendants' response to Request No. 10 and ask that this Court compel the defendants to revise their response to Request No. 10 so as to specify whether they are: (1) admitting the request; (2) denying the request; or (3) asserting lack of knowledge, and if so, on what basis.

c. <u>This Court Should Compel The Defendants to Admit or Deny Request For Admission of Document No. 1</u>

This Court should compel the defendants to admit or deny the Plaintiffs' Request for Admission of Document No. 1. Plaintiffs' Request for Admission of Document states in relevant part: "the plaintiffs ... request that the defendants ... admit ... for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at trial, the genuineness of the following document[.]" The document is then identified in ¶1 of the request as "Gonzalo Truck Parts & Repair Invoice #92650 dated 2/5/2019, a copy of which is attached hereto as Exhibit A."

The defendants have failed to admit, deny or object to the genuineness of the above-referenced document as required by Fed. R. Civ. P. 36(a), and have instead provided a nonsensical answer that they have refused to revise despite request. Therefore, the Court should compel the defendants to admit or deny Plaintiffs' Request for Admission of Document No. 1.

**IV.  Conclusion**

The defendants should be compelled to admit or deny Plaintiffs' Request for Admission of Fact Nos. 2, 3, 4, 5, 6, 7, 8, and 12, and revise their response

to Request for Admission of Fact No. 10 to specify whether they are admitting

or denying to the request, or are asserting lack of knowledge and if so, on what

basis.  The defendants should also be compelled to admit or deny Plaintiffs'

Request for Admission of Document No 1.


THE PLAINTIFFS

By: _____

    KEVIN C. SHEA ct13781
    Clendenen & Shea, LLC
    400 Orange Street
    New Haven, Connecticut   06511
    203/787-1183

CERTIFICATION:

This is to certify that a copy of the foregoing was emailed or mailed postage
prepaid to the following on May13, 2022:

Mathew W. Beckwith
Melick & Porter, LLP
900 Main Street South
Southbury, CT 06488

_____

CLENDENEN & SHEA, LLC