UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kristen Shea, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Chateram Sieunarine, *et al.*, <br><br> *Defendants.* | Civ. No. 3:21-cv-00673 (JCH) <br><br><br><br><br><br><br><br> June 27, 2022 |

**RULING AND ORDER ON PLAINTIFFS' MOTION
TO DETERMINE SUFFICIENCY OF DEFENDANTS' RESPONSES
TO PLAINTIFFS' REQUESTS FOR ADMISSIONS [ECF No. 42]**

The Plaintiffs, Kristen Shea and Tyler Shea PPA Kristen Shea, have moved the Court to determine the sufficiency of the responses of the Defendants, Chateram Sieunarine and Chet Transport, LLC, to ten requests for admission. (Mot. to Determine Sufficiency of Defs.' Resps. to Pls.' Reqs. for Admission of Fact and Req. for Admission of Document, ECF No. 42) hereinafter "Motion" or "Mot.").)  For the reasons that follow, the Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART.**

    **I.    Background**

This is a trucking case.  The Plaintiffs allege that, as they were driving on Interstate 95 on May 30, 2019, a wheel came off of the Defendants' truck and "careened across three lanes of traffic and crashed into the front of" their vehicle. (Compl., ECF No. 1, ¶ 1.)  They say that the impact "caus[ed] heavy damage and airbag deployment, totaling the car and seriously injuring the plaintiffs."  (*Id.*)  On May 14, 2021, they filed this civil action alleging negligence and recklessness.  (*See generally id.*)

1

On September 30, 2021, the Plaintiffs requested that the Defendants produce "[a]ny and all documents or records concerning or relating to any inspections, maintenance and all service or repairs to" the subject truck "for the last 10 years." (Exs. A and B to Mot. to Compel, ECF Nos. 34-1 and 34-2, at Req. for Prod. No. 24.)  In response, the Defendants apparently produced only a single document – an invoice from Gonzalo Truck Parts & Repair dated February 5, 2019.  (*See* Pls.' Memo. of L. in Supp. of Mot. to Determine Sufficiency of Responses to Reqs. for Admission of Fact and Document, ECF No. 42-1, at 8-9 (hereinafter "Memo.").)

On April 6, 2022, the Plaintiffs served a request for "admission of document" on the Defendants.  (Ex. D to Mot., ECF No. 42-5.)  In that request, they asked the Defendants to "admit . . . the genuineness of the" Gonzalo invoice.  (*Id.* at 1.)  A month later, the Defendants responded that they were "unable to admit, deny, or respond to this request, as this request does not propound a proper and/or complete request in regards to the referenced document."  (Ex. B to Mot., ECF No. 42-3.)

Also on April 6, 2022, the Plaintiffs served twelve requests for "admission of fact."  (Ex. C to Mot., ECF No. 42-4.)  The Defendants answered four of them.  The tenth of the twelve requests asked the Defendants to admit that, except for the Gonzalo invoice, they had "no records of any maintenance performed on" the subject truck "for at least five years prior to May 30, 2019." (*Id.* at 4.)  The Defendants "admit[ted] that," except for the one invoice, "they are not in possession, custody, or control of any responsive documents, nor does [*sic*] the Defendants have any practical ability to obtain any responsive documents." (Ex. A to Mot., ECF No. 42-2, at 4.)  The Defendants admitted Requests One and Nine, and they denied Request Eleven. (*Id.* at 1-4.)

The Defendants objected to the other eight – that is, Requests Two through Eight and Twelve.  In those requests, the Plaintiffs asked the Defendants to admit that they met certain

2

statutory or regulatory definitions (*e.g.*, Request Two, Ex. A to Mot., ECF No. 42-2, at 1) (asking Defendants to admit that Chet Transport qualifies as a "motor carrier" under 49 C.F.R. § 390.5); to admit the legal import of their actions (*e.g.*, Request Seven, Ex. A to Mot., ECF No. 42-2, at 3) (asking Defendants to admit that, when they put their truck on the road on May 30, 2019, their doing so constituted a "confirm[ation]" of "good working order" by operation of 49 C.F.R. § 392.7 and Conn. Agencies Regs. §§ 14-163c-1 and 14-163c-2); and, more broadly, to admit that they were subject to the federal and state regulatory regimes. (*E.g.*, Request Five, Ex. A to Mot., ECF No. 42-2, at 2 (asking Defendants to admit that they "were subject to the requirements of 49 U.S.C. §§ *et seq.* as of May 30, 2019").) The Defendants objected to each of these requests "to the extent that [they] improperly call[] for a legal conclusion or determination rather than an admission of fact." (Ex. A to Mot., ECF No. 42-2, at 1-5.)

The Plaintiffs have now moved the Court to determine the sufficiency of the Defendants' objections to Requests Two through Eight and Twelve, and also of their answers to Request Ten and the "request for admission of document." The Defendants have filed an opposition (ECF No. 44), and the Court heard oral argument on June 27, 2022. The Motion is ripe for decision.

**II.     Discussion**

    **a.  Applicable Legal Principles**

Rule 36 of the Federal Rules of Civil Procedure states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either; and . . . the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the

3

request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

If the responding party answers the request, its answer must either admit the matter, "specifically deny it," or "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4); *see also Wang v. Omni Hotels Mgmt. Corp.*, No. 3:18-cv-2000 (CSH), 2021 WL 5904021, at *2 (D. Conn. Dec. 14, 2021). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Moreover, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* If the responding party chooses instead to object to the request, "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5). Additionally, the responding party may not object "solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

After the responding party answers or objects, "the requesting party may move to determine the sufficiency" of its answers or objections. Fed. R. Civ. P. 36(a)(6). If the court determines an answer to be insufficient, it "may order either that the matter is admitted or that an amended answer be served." *Id.* By contrast, if the court determines an objection to be unjustified, "it must order that an answer be served." *Id.* "The party opposing the request bears the burden of demonstrating why the requests should be denied." *Sedona Corp. v. Open Solutions, Inc.*, No. 3:07-cv-171 (TPS), 2008 WL 11376619, at *1 (D. Conn. Jan. 18, 2008) (citing *Ruran v. Beth El Temple of W. Hartford, Inc.*, 226 F.R.D. 165, 168 (D. Conn. 2005)).

### b. Requests Two Through Eight and Twelve

As noted above, Rule 36 authorizes litigants to serve requests for admission "relating to . . . the application of law to fact." Fed. R. Civ. P. 36(a)(1). Here, the Plaintiffs contend that their Requests for Admission Two through Eight and Twelve are unobjectionable because they "expressly call for the application of law to the relevant facts." (Pls.' Memo. of L., ECF No. 42-1, at 5.) The Defendants respond that these requests "require [them] to interpret federal and state law," and are therefore "improper requests seeking admission of legal conclusions." (Defs.' Memo. of L., ECF No. 44, at 2.) As a strictly legal proposition, the Defendants are of course right that "'pure requests for opinions of law,' such as 'legal conclusions' . . . are not contemplated by the rule." *Vincent ex rel. Vincent v. Mortman*, No. 3:04-cv-491 (JBA) (JGM), 2006 WL 1281758, at *2 (D. Conn. May 3, 2006) (quoting 7 Moore's Fed. Prac. § 36.10[8] (3d ed. 2006)). But the Plaintiffs say that they are not seeking admissions of law; again, they say that they are exploring the application of law to fact. (Pls.' Memo. of L., ECF No. 42-1, at 5-8); *see also Madej v. Yale Univ.*, No. 3:20-cv-133 (JCH), 2020 WL 6270273, at *5 (D. Conn. Oct. 26, 2020) ("Rule 36 permits requests for admission addressed to law, but only as they relate to the application of law to fact.").

"The distinction between a request that permissibly seeks the admission of an issue requiring the application of the law to the facts of a case and a request that impermissibly seeks the admission of a pure issue of law is not easy to draw." *U.S. ex rel. Bibby v. Mortg. Investors Corp.*, 323 F.R.D. 424, 428 (N.D. Ga. 2017) (quoting *David v. Katz*, No. Civ.A.94-3989, 2000 WL 1682999, at *2 (E.D. La. Sept. 26, 2000); *accord Versatile Housewares v. SAS Grp.*, No. 09-cv-10182 (KMK) (PED), 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010). For this reason and others, courts are "'invested with substantial discretion under Rule 36 to determine the propriety'

of RFAs and corresponding answers and objections." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB) (SLC), 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) (quoting *Versatile Housewares*, 2010 WL 11601225, at *1) (ellipsis omitted).

Courts around the country have reached different results where, as here, a request for admission asks a party to admit that it met or was subject to a particular legal standard. In *Bibby*, the plaintiff asked the defendant to admit that it was "not a close corporation as defined by Ohio Revised Code § 1707.591," which would have required adoption of a formal closed corporation agreement. 323 F.R.D. at 427, 429. The court concluded that, since "[a]sking [the defendant] to admit that it is not a close corporation as defined under [the statute] is the logical equivalent of asking [it] to admit that it has not adopted a 'close corporation' [agreement]," the request did not seek "abstract applications of law" or "bare legal conclusions." *Id.* Conversely, in *Perez v. Aircom Management Corp., Inc.*, the court sustained an objection to a request asking the defendant to admit that it was subject to the Fair Labor Standards Act, even though such a request might arguably be the logical equivalent of asking the defendant to admit that it met the FLSA's interstate commerce and gross sales requirements. No. 12-60322-CIV., 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013); *see also* 29 U.S.C. § 203(s)(1) (stating FLSA requirements). In that court's view, asking a party to admit that it is subject to a particular statute "improperly seeks admissions of pure legal conclusions." *Id.*; *cf. also Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("[I]t would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts.").

In this district and circuit, most authorities agree with the latter line of cases. In *Equal Employment Opportunity Commission v. Bloomberg, L.P.*, for example, the court sustained

objections to requests asking the defendant to admit or deny that its actions "complied with Title VII." No. 07-cv-8383 (LAP), 2010 WL 3260150, at *1 (S.D.N.Y. Aug. 4, 2010) (hereinafter "*EEOC*"). Citing *Disability Rights Council*, the court concluded that such requests impermissibly "demand[ed] that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts," and therefore fell afoul of the principle that parties may not seek admissions of "purely legal conclusions." *Id.* (citing *Disability Rights Council*, 234 F.R.D. at 2-3). Similarly, in *Vincent* a medical malpractice plaintiff asked a defendant doctor to admit whether certain of his actions constituted breaches of the standard of care; the court held that the requests did not need to be answered until after expert discovery had been completed. 2006 WL 1281758, at *2. And in *Matysiak v. Spectrum Services Co., Inc.*, the court followed *Perez* and sustained the defendant's objections to requests that it admit to satisfaction of the FLSA's interstate commerce requirement. No. 3:10-cv-1841 (CSH) (JGM), 2014 WL 3819206, at * 4 (D. Conn. Aug. 4, 2014) ("Requests for Admission Nos. 2 and 3 are virtually identical to the requests in *Perez*. Therefore, defendant Spectrum need not respond to these requests."). Here, the Plaintiffs have cited no contrary authorities from this district or circuit.

Applying the *Perez* principle to this case, the Court sustains the Defendants' objections to Requests for Admissions Two through Eight and Twelve. Request Two asks the Defendants to admit that Chet Transport meets the definition of a "motor carrier" under 49 C.F.R. § 390.5, and Request Three asks them to admit that Chet's truck qualified as a "commercial motor vehicle" under that and other regulations. (Ex. A to Mot., ECF No. 42-2, at 1-2.) Although these requests might seem to be the "logical equivalent" of asking the Defendants to admit the facts that would

make Chet a "motor carrier," or its truck a "commercial motor vehicle,"[1] *see Bibby*, 323 F.R.D. at 429, courts in this circuit have observed a distinction between simple requests for admission of underlying facts,[2] and more complex and problematic "demand[s] that the opposing party ratify legal conclusions that the requesting party has" attached to those facts. *EEOC*, 2010 WL 3260150, at *1; *see also Matysiak*, 2014 WL 3819206, at *4. Requests Four through Six impermissibly ask the Defendants to admit or deny that they were subject to particular federal and state regulations. *See Reichenbach v. City of Columbus*, No. 32:03-cv-1132, 2006 WL 143552, at *2 (S.D. Ohio Jan. 19, 2006) (sustaining objection to request that defendant admit or deny whether it was in compliance with a federal regulation). Request Seven impermissibly seeks an admission of the legal import of operating a truck in interstate commerce, and Request Eight improperly asks the Defendants to admit or deny what the federal and state motor carrier safety regulations require. *See Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y. 1973) (holding that "pure requests for admission of law" are "improper"). Request Twelve asks the Defendants to admit whether they operated their truck in an unsafe condition "in violation of Section 14-98a of the Connecticut General Statutes" (Ex. A to Mot., ECF No. 42-2, at 4), and thus contravenes the principle that Rule 36 should not be employed to "demand" ratification of "legal conclusions." *EEOC*, 2010 WL

---

[1] 49 C.F.R. § 390.5 defines a "[m]otor carrier" as "a for-hire motor carrier or a private motor carrier." It further defines a "[f]or-hire motor carrier" as "a person engaged in the transportation of goods or passengers for compensation," and a "[p]rivate motor carrier" as "a person who provides transportation of property or passengers, by commercial motor vehicle, and is not a for-hire motor carrier." *Id.* 49 C.F.R. § 390.5, 49 U.S.C. § 31101 and 49 C.F.R. § 383.5 all define "commercial motor vehicle" to include vehicles weighing more than 10,000 pounds.

[2] In sustaining the Defendants' objections to Requests Two through Eight, the Court does not mean to suggest that there would be anything improper if the Plaintiffs were to serve revised requests asking Defendants to admit the underlying facts, *e.g.*, that they transported goods for compensation, that their truck weighed more than 10,000 pounds, *etc. See Vincent*, 2006 WL 1281758, at *2 (distinguishing plaintiff's Request No. 3 from Requests Nos. 1-2 and 4-5 on the ground that the former merely asked the defendant to admit a particular fact).

3260150, at *1. For these reasons, the Plaintiffs' Motion is denied and the Defendants' objections are sustained with respect to Requests Two through Eight and Twelve.

### c. Request Ten

On September 30, 2021, the Plaintiffs requested that the Defendants produce "[a]ny and all documents or records concerning or relating to any inspections, maintenance and all service or repairs" to the subject truck "for the last 10 years." (Ex. A to Pls.' Mar. 22, 2022 Mot. to Compel, ECF No. 34-1, at Req. for Prod. No. 24.) The Defendants evidently produced only a single document in response. The Plaintiffs therefore served a request for admission asking the Defendants to admit that, except for that one document, they "have no records of any maintenance performed on the Freightliner commercial box truck that is the subject of this lawsuit for at least five years prior to May 30, 2019." (Ex. A to Mot., ECF No. 42-2, at 4.)

In response, the Defendants "admit[ted] that, except for" the one document, "they are not in possession, custody, or control of any responsive documents, nor does [sic] the Defendants have the practical ability to obtain any responsive documents." (Id.) The Plaintiffs say that they were "perplexed" by this reply, and they fear that there is some cagey qualification lurking in the seemingly excess verbiage. (Memo. at 9.) They therefore seek an order compelling the Defendants "to simply admit the request without qualification." (Id.)

The Defendants did not respond to this argument in their opposition, but at oral argument their counsel confirmed that "there might be more documents out there that [his] client is unable to obtain at this time." Thus, the "practical ability to obtain" formulation was apparently intended to avoid answering or denying with respect to documents that the Defendants felt it would be impractical to pursue.

9

The Plaintiffs are entitled to a clearer answer. "When assessing the sufficiency of a party's responses" to requests for admission, "a court considers whether the response meets the substance of the request and whether any qualifications are demanded by, and made in, good faith." *Wang*, 2021 WL 5904021, at *7 (quoting *Wiwa v. Royal Dutch Petro. Co.*, No. 01 CIV 1909 (KMW) (HBP), 2009 WL 1457142, at *5 (S.D.N.Y. May 26, 2009)); *see also Thalheim v. Eberheim*, 124 F.R.D. 34, 35-36 (D. Conn. 1988). Moreover, a responding party may not assert "lack of knowledge or information as a reason for failing to admit or deny" unless it "states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Here, the Defendants are evidently attempting to qualify their admission with respect to documents they say they are "unable to obtain," but they have not made the statement required by Rule 36(a)(4). The Court will therefore order them to serve a revised answer that either admits the matter, specifically denies it, or states in careful detail why it cannot truthfully be admitted or denied.

### d. Request for Admission of Document

Finally, the Plaintiffs seek an order compelling the Defendants "to admit or deny Plaintiffs' Request for Admission of Document No. 1." (Memo. at 10.) In that request, they asked the Defendants to "admit within thirty (30) days after the filing of this request for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at trial, the genuineness of" the Gonzalo invoice. (Ex. D to Mot., ECF No. 42-5.) The Defendants do not dispute that the genuineness of a document is a proper subject for a request for admission, nor could they. (*See* Opp'n at 4) (acknowledging that a party "can use the Request for Admission to identify a document"); Fed. R. Civ. P. 36(a)(1) ("A party may serve on any other party a written request to admit . . . the genuineness of any described documents."). Instead, they say that "[t]he

Request itself only lists a document and does not state what it is requesting Defendant to admit to." (Opp'n at 4.) But this is not so – the request clearly indicates that the Plaintiffs are seeking an admission of the genuineness of the document. (Ex. D to Mot., ECF No. 42-5.) The Defendants' objection is overruled.

### III. Conclusion and Order

The Plaintiffs' Motion to Determine Sufficiency of Defendants' Responses to Plaintiffs' Requests for Admission of Fact and Request for Admission of Document (ECF No. 42) is granted with respect to Request for Admission of Fact No. 10, and Request for Admission of Document No. 1, but otherwise denied. The Defendants are ordered to serve a revised answer to Request for Admission of Fact No. 10, and an answer to Request for Admission of Document No. 1, on or before July 11, 2022.

This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L. Civ. R. 72(C)(2). As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

Entered at Hartford, Connecticut this 27th day of June, 2022.

*/s/ Thomas O. Farrish*
Thomas O. Farrish, USMJ