UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kristen Shea, *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>Chateram Sieunarine, *et al.*,<br><br>    *Defendants.* | Civ. No. 3:21-cv-00673 (JCH)<br><br><br><br><br><br><br><br>August 15, 2022 |

**RULING AND ORDER ON PLAINTIFFS'**
**APPLICATION FOR ATTORNEYS' FEES AND COSTS [ECF No. 57]**

  The Plaintiffs, Kristen Shea and Tyler Shea PPA Kristen Shea, have applied for an award of attorneys' fees in connection with a successful motion to compel. (App. for Attys.' Fees, ECF No. 57) ("Application"). For the following reasons, their application is allowed, although not in the amount sought.

  1. **Background**

  This is a trucking case. The Plaintiffs allege that, as they were driving on Interstate 95 on May 30, 2019, a wheel came off of the Defendants' truck and "careened across three lanes of traffic and crashed into the front of" their vehicle. (Compl., ECF No. 1, ¶ 1.) They say that the impact "caus[ed] heavy damage and airbag deployment, totaling the car and seriously injuring the plaintiffs." (*Id.*) On May 14, 2021, they filed this civil action alleging negligence and recklessness. (*See generally id.*) Counsel held a Rule 26(f) conference on August 6, 2021, and the parties began discovery soon afterward. (Rpt. of Parties' Planning Mtg., ECF No. 22.)

  In May 2022, a dispute arose over the sufficiency of the Defendants' responses to requests for admission. (Pls.' First Mot. to Compel, ECF No. 42) ("First Motion"). The Plaintiffs had

1

sought several admissions that, in their view, permissibly asked the Defendants to apply the law to the facts of the case, but the Defendants objected on the ground that the Plaintiffs were seeking impermissible "requests for admission of law." (Memo. in Opp'n to Mot. to Determine Sufficiency of Resps., ECF No. 44, at 1.) The Plaintiffs also asked the Defendants to admit the genuineness of a particular document, but the Defendants objected on the ground that the request was insufficiently specific. (*Id.* at 4.)

In June 2022, a separate dispute arose over the Defendants' failure to respond to the Plaintiffs' second set of interrogatories and requests for production. (Second Mot. to Compel, ECF No. 45) ("Second Motion"). The Plaintiffs had served their second set of discovery requests on April 8, 2022, and under Rules 33 and 34, the Defendants' responses were due by May 8, 2022. (*See* discussion, *id.* at 2.) By June 7, 2022, the Defendants had neither responded nor sought an extension of their deadline for doing so. The Plaintiffs therefore moved to compel responses, and the Defendants did not file an opposition.

On June 27, 2022, the Court held a hearing. Later that day it granted the First Motion in part and denied it in part, substantially agreeing with the Defendants on the issue of whether some of the Plaintiffs' requests were impermissible "requests for admission of law," but siding with the Plaintiffs on the request directed to the genuineness of the document. (Ruling and Order on Mot. to Determine Sufficiency of Resps., ECF No. 56.) Because the First Motion was largely unsuccessful, the Court did not award fees. *See* Fed. R. Civ. P. 37(a)(5)(C) (indicating that awards of fees are not mandatory when a motion to compel is granted only in part).

In a separate order issued the same day, the Court granted the Plaintiffs' Second Motion in its entirety, except that it reserved decision on the issue of fees and costs. (Order, ECF No. 54.)

The Court authorized the Plaintiffs to submit a fee application by July 11, 2022, and the Defendants to submit an opposition by July 25, 2022. (*Id.*)

The Plaintiffs then applied for an award of fees and costs incurred in connection with the Second Motion, in the amount of $3,705.00. (Application at 1.) In an accompanying affidavit, their attorney explained that he spent 4.3 hours working exclusively on that motion on June 6 and 7. (Aff. of Kevin C. Shea, ECF No. 57-1, ¶ 4) ("Shea Affidavit"). On other dates in June, he worked on "a combination of the pending motions" – that is, on both the First Motion and the Second Motion – including preparing for and attending the June 27 hearing. (*See id.*) He says that the Second Motion's pro rata share of those efforts amounted to 4.9 hours. (*See id.*) He claims an hourly rate of $400 applied to his total 9.2 hours worked, along with mileage and parking expenses. (*Id.* ¶¶ 5-6.)

The Defendants oppose the Plaintiffs' Application. (Memo. of L. in Opp'n to Pls.' App. for Fees, ECF No. 58.) ("Opposition"). They claim that an award of fees would be "unjust" because their "actions were not intentional," adding that their principal, Mr. Sieunarine, is a trucker who "is often on the road with tight deadlines in order to make his deliveries," and whose "occupation leaves him little time to speak on the phone or answer emails and even less time away from home to search for documents." (*Id.* at 5.) They argue in the alternative that if the Court were to award fees, it should reduce both elements of the "lodestar" analysis – the hourly rate and the hours worked. (*Id.* at 2-5.) With respect to the rate, they note that the Plaintiffs' counsel has been awarded $300 per hour – not $400 per hour – in previous fee disputes. (*Id.* at 3.) And with respect to the number of hours worked, they observe that the Second Motion was much less complex than the First Motion, and they argue that it cannot reasonably support a charge of 9.2 hours. (*Id.* at 4.)

The Plaintiffs did not file a reply, and neither party requested oral argument. The application is therefore ripe for decision.

2. **Discussion**

   a. **Whether fees should be awarded**

Rule 37(a)(5)(A) provides that, when the court grants a motion to compel, it "must, after giving an opportunity to be heard," enter an award of fees unless one of the circumstances listed in subsections (i) – (iii) apply. As the use of the word "must" suggests, "an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of the three exceptions applies." *Hassoun v. Searls*, 524 F. Supp. 3d 101, 109 (W.D.N.Y. 2021) (quoting *Wager v. G4S Secure Integration, LLC*, No. 1:19-cv-03547 MKV KNF, 2021 WL 293076, at *4 (S.D.N.Y. Jan. 28, 2021)). The three exceptions are: (i) when "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (ii) when "the opposing party's nondisclosure, response, or objection was substantially justified;" and (iii) when "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

In this case, the Defendants attempt to invoke the third exception. (Memo. of L. in Opp'n to Pls.' App. for Fees, ECF No. 58, at 5.) They contend that it would be "unjust" to award fees because their principal was "particularly busy" at the relevant times, and is "often on the road with tight deadlines." (Opposition at 5.) A busy schedule is not a sufficient excuse, however. *See, e.g., Armstrong v. Martocchio*, No. 3:18-cv-0580 (RMS), 2020 WL 1140859, at *4 (D. Conn. Mar. 9, 2020) (rejecting argument that a "busy work schedule" and an inability "to find time to locate any of the requested documents" were sufficient excuses for non-compliance with discovery, and ordering non-compliant party to pay opponent's fees). If a litigant thinks that he is too busy to meet his discovery obligations within the time periods provided in the Federal Rules, the proper

approach is to ask for the opponent's consent to an extension, and to present an appropriate motion to the Court – not to force the opponent to incur the effort and expense of a motion to compel. Because fee awards are mandatory unless one of the Rule 37(a)(5)(A)(i)-(iii) circumstances apply, and because no such circumstance has been shown to apply here, the Court will award fees.

      **b. The amount of fees to be awarded**

"As a general matter, the starting point in analyzing whether claimed attorneys' fees are appropriate is the lodestar[.]" *Yuajian Lin v. La Vie en Schezuan Rest. Corp.*, No. 15-cv-09507 (DF), 2020 WL 1819941, at *2 (S.D.N.Y. Apr. 9, 2020) (citing *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). The "lodestar" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea*, 658 F.3d at 166. While the Second Circuit has suggested that the term is outdated, *see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (observing that "[t]he meaning of the term 'lodestar' has shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness"), it has also held that district courts must calculate the figure. *Ortiz v. City of N.Y.*, 843 F. App'x 355, 358 (2d Cir. 2021) (summary order) ("We have explained that district courts evaluating a request for attorneys' fees must conduct a lodestar analysis, which calculates reasonable attorneys' fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate, which results in a presumptively reasonable fee.") (internal quotation marks omitted).

In assessing the first factor in the lodestar calculation – the reasonable hourly rate – the Second Circuit has directed district courts to "bear in mind *all* of the case-specific variables that [it] and other courts have identified as relevant to the reasonableness of an attorney's fees[.]" *Arbor Hill*, 522 F.3d at 190 (emphasis in original). "The reasonable hourly rate is the rate a paying

5

client would be willing to pay," and in determining that rate, district courts should consider (among other things) the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1]  *Id.*  Courts also consider whether the individual attorney performed work "commensurate with his level of experience," and have reduced rates when (for example) an experienced partner-level attorney performs work that a junior associate could have performed. *E.g., Wei v. Sichuan Pepper, Inc.*, No. 3:19-cv-525 (JBA) (TOF), 2022 WL 385226, at *17 (D. Conn. Jan. 17, 2022), *report and recommendation adopted*, 2022 WL 382019 (D. Conn. Feb. 2, 2022).  Fee applicants bear the burden to show that their "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Disney Enterps., Inc. v. Merchant*, No. 6:05-cv-1489, 2007 WL 1101110, at *8 (N.D.N.Y. Apr. 10, 2007) (citation omitted).

In this case, the Court concludes that $300 would be a reasonable hourly rate for the work performed on the Second Motion.  That motion presented no "novel[] and difficult[]" questions, and it required no special "level of skill . . . to perform the legal service properly."  *Lilly*, 934 F.3d at 228.  Litigating an essentially unopposed motion to compel arising out of a simple failure to respond to interrogatories and requests for production is one of the simpler tasks that can confront an attorney, and the Plaintiffs have not explained why it required a partner-level attorney with "almost 30 years of experience." (Shea Affidavit ¶ 6); *cf. also Wei*, 2022 WL 385226, at *17.  In

---

[1]  The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Lilly v. City of N.Y.*, 934 F.3d 222, 228 (2d Cir. 2019).

similar instances, courts have capped hourly rates at $300 for even senior attorneys. *See, e.g., Perez v. Lasership, Inc.*, No. 3:15-mc-00031 (CSH), 2015 WL 8750965, at *3 (D. Conn. Dec. 14, 2015) (finding as reasonable a $300 hourly rate for "more senior attorneys" in a subpoena enforcement proceeding); *Novak v. Yale Univ.*, No. 3:14-cv-00153 (AWT) (SALM), 2015 WL 7313855, at *5 (D. Conn. Nov. 20, 2015) (finding a $300 hourly rate to be reasonable in a discovery dispute involving the same counsel employed by the Plaintiffs in this case). While these precedents may be falling out of date, the Plaintiffs have cited no newer case supporting any higher rate.

In analyzing the second lodestar factor – the reasonable number of hours required – courts consider, among other things, the quality of the representation and the complexity of the work. "In determining whether an excessive amount of time was expended on the matter, the Court may consider, *inter alia*, the nature and quality of the work submitted by counsel in connection with the litigation, and whether the work was complicated or straightforward." *Yuajian Lin*, 2020 WL 1819941, at *2; *see also Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13-Civ.-3061 (JGK), 2014 WL 2624759, at *6 (S.D.N.Y. June 10, 2014) ("In assessing whether the hours worked were reasonable, courts in this district often take into account the straightforward nature of the work performed and the relative simplicity of the issues involved.") (citation and brackets omitted). Courts are "not to compensate counsel for unnecessary hours . . . and in sizing the appropriate reduction, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application[.]" *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015) (citation and internal quotation marks omitted). In any event, the party seeking fees bears the burden of demonstrating that its request is reasonable, and must provide the Court with enough information to assess its

application. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

In this case, the Court concludes that it would be unreasonable for Plaintiffs' counsel to charge 9.2 hours to litigate an essentially unopposed motion to compel arising out of a simple failure to respond to discovery requests.  The Plaintiffs' 9.2-hour claim includes hours spent preparing for, traveling to, attending, and returning from the June 27 hearing (*see* Shea Affidavit ¶ 4 and Ex. A), but the hearing was overwhelmingly directed to the First Motion, and indeed the Court would not have scheduled a hearing if the Second Motion were the only dispute between the parties.[2]  As the Defendants correctly note, "[t]he Plaintiffs' motion was a total of five pages consisting of a standard motion to compel pursuant to Rule 37.  There were no complex legal issues involved." (Opposition at 3.)  The Court will therefore exercise its discretion to reduce the Plaintiffs' claim by fifty percent, to 4.6 hours.

3. **Conclusion**

For the foregoing reasons, the Court concludes that a reasonable hourly rate for the work performed on the Second Motion is $300, and a reasonable number of hours for that work is 4.6.  The product of these two figures is $1,380.00, which the Court finds to be a reasonable fee for the work performed.  The Defendants are ordered to pay to the Plaintiffs the sum of $1,380.00 on or before September 15, 2022.

This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L. Civ. R. 72(C)(2).  As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D.

---

[2]   For this reason, the Plaintiffs' mileage and parking costs are properly allocable to the First Motion.  The Court declines to award those costs here.

Conn. L. Civ. R. 72.2.  It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

Entered at Hartford, Connecticut this 15th day of August, 2022.

*/s/ Thomas O. Farrish*
Thomas O. Farrish, USMJ